STATE of Minnesota, Respondent,

v.

John Ray McCOY, Appellant.

No. C6-86-825.

Court of Appeals of Minnesota.

Feb. 17, 1987.

Review Denied March 25, 1987.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, William S. MacPhail, Wright Co. Atty., Katy L. Stesniak, Asst. Wright Co. Atty., Buffalo, for respondent.

C. Paul Jones, Minnesota State Public Defender, Lawrence Hammerling, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by CRIPPEN, P.J., and LANSING and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

John Ray McCoy appeals from his convictions of first degree criminal sexual conduct and first degree intrafamilial sexual abuse. He contends the trial court abused its discretion by admitting expert testimony on the behavioral characteristics of sexually abused children and *Spreigl* evidence of other acts, and that there was insufficient evidence. We affirm.

## FACTS

On the morning of May 28, 1985, McCoy's 12–year-old daughter T.M. left her home and ran to the neighbors and told them "my dad is hurting me," then called her mother at work and said: "Dad is sexually abusing me again." T.M.'s mother confronted McCoy about the sexual abuse, which he denied. T.M.'s 14–year-old sister M.M. told her teacher and a school social worker that T.M. had said McCoy was going to rape her that day. The social worker notified Wright County authorities. McCoy was subsequently charged with two counts of first degree criminal sexual conduct and two counts of first degree intrafamilial sexual abuse, Minn.Stat. §§ 609.-342(a) and 609.3641, subd. 1(2)(e) (1984).

McCoy waived his right to a jury trial and was tried by the court.

T.M. testified that McCoy had sexually abused her from the time she was six or seven years old, and specifically described numerous acts of sexual penetration.

McCoy's wife and the mother of T.M. and M.M. observed McCoy and T.M. together not fully clothed and harbored some suspicion but T.M. never told her McCoy was having sex with her. M.M. testified about McCoy and T.M. being in a room of the house together with the door closed and T.M. saying "no" or sometimes yelling and emerging with her face red like she had been crying. T.M. once showed M.M. a picture of a man and woman having intercourse and said: "That is what dad does."

The state presented expert testimony from a licensed psychologist and social worker who had counseled T.M. The psychologist said T.M.'s detailed descriptions of the sexual abuse were "not inconsistent." The psychologist claimed the characteristics she had observed in T.M. were typical behavioral characteristics of sexually abused children. A Wright County detective and two defense witnesses, a social worker and investigator also testified to T.M.'s largely consistent prior statements about the sexual abuse. The trial court allowed in evidence the deposition of T.M.'s aunt regarding two sexual assaults committed by McCoy against her, once in 1971 when she was 9 years old, and once in 1974 when she was 12 years old.

McCoy denied having sexual intercourse with T.M., although he admitted pinching his daughter's breasts at least twenty times. McCoy also admitted buying a box containing contraceptive foam in 1982, and said he hid it where he knew his wife would find it:

> I told her it was something kinky. Sometimes, you know, you don't get along 100 percent sexual activity, or, however you want to say it, and it was something to put a little spice in it.

McCoy's wife had been sterilized in 1978. McCoy admitted he had digitally penetrated and had sexual intercourse with T.M.'s aunt in 1971.

The trial court found McCoy guilty of one count each of first degree criminal sexual conduct and first degree intrafamilial sexual abuse and sentenced McCoy to imprisonment for a presumptive term of 43 months for first degree criminal sexual conduct.

## ISSUES

1. Did the trial court abuse its discretion by admitting *Spreigl* evidence of other sexual assaults?

2. Was expert testimony on the behavioral characteristics of sexually abused children properly admitted?

3. Was there sufficient evidence?

## ANALYSIS

### I.

The admission of evidence rests in the sound discretion of the trial court and will be upheld unless there is a clear abuse of discretion. *See State v. Ture*, 353 N.W.2d 502, 515 (Minn.1984). The supreme court recently summarized the factors a trial court must consider in determining whether to admit *Spreigl* evidence:

> [I]n order for such evidence to be admissible the trial court must determine that there is "clear and convincing" evidence that the defendant participated in the crimes or bad acts sought to be admitted. * * * The court must also determine that the evidence of prior crimes or bad acts is "relevant and material to the state's case." * * * In addition, it must rule that the probative value of the evidence outweighs any potential for "unfair prejudice."

*State v. Doughman*, 384 N.W.2d 450, 454 (Minn.1986) (citations omitted). McCoy contends that the trial court committed reversible error by admitting the aunt's deposition because the sexual assaults she described were too remote in time to be relevant to the charged offenses. We disagree.

■ The two sexual assaults described by the aunt were about as remote in time as the *Spreigl* evidence in *State v. Casady,* 392 N.W.2d 629 (Minn.Ct.App.1986), *pet. for rev. denied,* (Minn. Sept. 24, 1986). In *Casady,* this court concluded that evidence of prior sexual misconduct was inadmissible, in part, because an inappropriate sexual advance toward the victim's aunt occurred only once and the incidents with the victim did not begin until five or six years later. There also were no significant similarities with respect to place or modus operandi in the *Casady* case. Here, McCoy's conduct showed a much more consistent modus operandi than in *Casady.* McCoy had sexual intercourse with both T.M. and her aunt in his home while his wife was absent, and repeated the act when he had the opportunity. *Compare Casady,* 392 N.W.2d at 630 (single proposition). Here the trial court evaluated the aunt's deposition before admitting it into evidence. *Compare Casady,* 392 N.W.2d at 632 (no hearing to determine credibility of sole witness). Under these circumstances, we cannot say that the trial erred when it determined that the aunt's deposition was admissible.

## II.

■ McCoy next contends that the trial court abused its discretion by admitting expert testimony from the psychologist regarding the typical behavioral characteristics exhibited by victims of sexual abuse. McCoy argues that the psychologist was not qualified as an expert and her testimony was not admissible under *State v. Myers,* 359 N.W.2d 604 (Minn.1984).

An expert witness may be qualified by "knowledge, skill, experience, training, or education * * *." Minn.R.Evid. 702. The State's witness is a licensed psychologist and social worker. She has obtained a Master's degree and observed and counseled several victims of sexual abuse. It was within the court's discretion to find her qualified. *See* Minn.R.Evid. 702.

■ Expert testimony on the typical behavioral characteristics of child victims of sexual abuse, the so-called "sexual abuse syndrome," may be admissible in cases involving sexual abuse of young children, as are an expert's observations of the particular behaviors exhibited by a victim. *See Myers,* 359 N.W.2d at 609 (citing *Hestad v. Pennsylvania Life Insurance Co.,* 295 Minn. 306, 204 N.W.2d 433 (1973)).

We believe the admission of expert testimony on the "sexual abuse syndrome" in this nonjury trial was a matter for the sound discretion of the trial court, and find no abuse of that discretion.

## III.

■ McCoy's final contention, that there was insufficient evidence, has little merit. When the trial court sits as the finder of fact, its verdict is entitled to the same weight as that accorded a jury. *See State v. Thurmer,* 348 N.W.2d 776, 778 (Minn.Ct. App.1984). The State presented substantial evidence to corroborate T.M.'s testimony, even though none was required. *See* Minn.Stat. § 609.347, subd. 1 (1984).

## DECISION

The trial court did not abuse its discretion by admitting evidence of other sexual assaults committed by appellant or in admitting expert testimony on the "sexual abuse syndrome." There was sufficient evidence to support the trial court's findings that appellant was guilty of first degree criminal sexual conduct and first degree intrafamilial sexual abuse.

Affirmed.