**STATE of Minnesota, Respondent,**

v.

**James Joseph MEEMKEN, Appellant.**

**No. CX–98–1577.**

Court of Appeals of Minnesota.

July 27, 1999.

Review Denied Sept. 28, 1999.

Mike Hatch, Attorney General, Robert A. Stanich, Thomas R. Ragatz, Assistant Attorneys General, St. Paul; and Roger S. Van Heel, Stearns County, St. Cloud, for respondent.

John M. Stuart, State Public Defender, Scott G. Swanson, Assistant Public Defender, Minneapolis, for appellant.

Considered and decided by DAVIES, Presiding Judge, RANDALL, Judge, and G. BARRY ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge

Appellant James Joseph Meemken was convicted and sentenced for attempted second-degree criminal sexual conduct in violation of Minn.Stat. §§ 609.343, subd. 1(a), subd. 2; 609.346, subd. 2; 609.17, subd. 1; and solicitation of children to engage in sexual conduct in violation of Minn.Stat. § 609.352, subd. 2. Appellant contends that the trial court abused its discretion by granting the jury's request during deliberations to view the videotaped interview with the child, and the evidence was not sufficient to support the conviction for attempted second-degree criminal sexual conduct. We affirm.

## FACTS

At the trial, the child-victim testified that, when she was nine years old, appellant, a friend of her mother, was at their apartment. Appellant, the child, another adult male, and the child's 13–year–old brother were sitting at the kitchen table playing cards. When the child's mother left the apartment to use a phone, appellant touched the child on the leg while at the same time asking, "can I touch you?"

The child said, "no," and slapped his hand. She did not think that anyone saw what happened. He tried to touch her a couple other times that day and said to the child, "don't tell." She told her mother about the incident when she returned and also told her brother. The child and mother told the child's father a few days later.

The child also testified that, a few days prior to the incident, she heard appellant tell her mother that "I want to hum-hum [the child]." Appellant also once asked her to twirl around in her skirt without her panties on.

The child's mother testified that she met appellant a few years ago, and considered him a good friend. Shortly before the activity at issue here, she had a conversation with appellant during which he told her that he wanted to lick her daughter's crotch. Because the child was present during the conversation, the mother tried to act like he was talking about someone else. He then asked the mother if he could ask the child if he could lick her crotch. He also told her that, on a previous occasion when the child was alone with him at his trailer, he masturbated on the couch with a towel over him in front of the child, wanting her to see, in expectation that something would result from the situation. The mother did not ask appellant to leave during the conversation because he seemed like he was on some bad drug and was not in reality. The next day, appellant came over and apologized for his statements and told the mother that she would not have to pay back $150 that he had loaned her because he felt really bad. He had also, on a previous occasion, told the mother that he wanted to see her daughter without her shorts on.

After the touching incident was reported, the child discussed the incident with Officer Kenneth McDonald, who recorded the discussion. The child testified that she told McDonald that appellant had touched her on the leg.

In August 1997, McDonald conducted the videotaped interview with the child, which was shown to the jury. During the interview, McDonald asked the child to identify where appellant touched her, and the child pointed towards the general area of her thighs and vagina. McDonald then asked the child to point on the diagram of a female child to the place where appellant had touched her. She pointed to the thigh, but because the word "vagina" was written on the thigh, McDonald fostered misinterpretation by questioning the child, "you are pointing to my word and my word means what?" She replied "vagina."

Subsequent to the interview, McDonald was informed that, when the child was asked to point on herself where appellant had touched her, she touched the top of her thigh. To explain that the interview is consistent with the child's repeated assertions that she was touched on the thigh, McDonald testified that he now believes that the child pointed to the thigh because that is where she was touched. McDonald further explained that the child answered "vagina" to the second question he asked, because she was literally responding to his question, "you are pointing to my word and my *word* means what?"

Appellant testified and disputed all of the allegations involving sexual conduct. Appellant has two prior convictions, in 1990 and 1993, for first-degree criminal sexual conduct and second-degree criminal sexual conduct. On the first-degree charge, he pleaded guilty to sexual penetration of a juvenile child under the age of 16. He was living with that child at the time. He pleaded guilty to the second-degree charge because he sexually touched a girl who was under the age of 13. He also has convictions from 1990 for possession of methamphetamines and possession of cocaine. At trial, appellant claimed the child and her mother made up the stories because he did not loan the mother $5,000 as she had admittedly requested.

After the jury began deliberations, they requested a review of the videotaped interview McDonald had with the child. Appel-

lant objected to replaying the video. The court replayed the video after stating to the jury:

> I want to caution you that this tape should be viewed in context, with regard to all of the other evidence in the case and particularly in regard to the child's direct testimony on the witness stand this morning, which on some points differed with her videotape testimony.

The jury found appellant guilty of attempted second-degree criminal sexual conduct in violation of Minn.Stat. §§ 609.343, subd. 1(a); 609.17, subd. 1 (1996); and solicitation to engage in sexual conduct in violation of Minn.Stat. § 609.352, subd. 2 (1996).

## ISSUES

I.  Did the trial court abuse its discretion by granting the jury's request to replay the videotaped interview of the child after deliberations had begun?

II.  Did the state present sufficient evidence to prove that appellant was guilty of attempted second-degree criminal sexual conduct?

## ANALYSIS

### I.

Appellant contends that the trial court abused its discretion by granting the jury's request to replay the videotaped interview of the child and claims that this was prejudicial error because the video contained statements that were inconsistent with the child's trial testimony.

██  "Rulings on evidentiary matters rest within the sound discretion of the trial court." *Caldwell v. State*, 347 N.W.2d 824, 826 (Minn.App.1984) (citation omitted). If after the jury retires for deliberation it requests a review of certain testimony or other evidence, the court may permit the jury to re-examine the requested evidence. Minn. R.Crim. P. 26.03, subd. 19(2)(1). The court, in its discretion, "may also have the jury review other evidence relating to the same factual issue so as not to give undue prominence to the evidence requested." *Id.*, subd. 19(2)(2). The trial court has broad discretion under this rule. *State v. Kraushaar*, 470 N.W.2d 509, 514 (Minn.1991). In exercising this discretion, the trial court should take into account:

(i)  whether the material will aid the jury in proper consideration of the case;

(ii)  whether any party will be unduly prejudiced by submission of the material; and

(iii)  whether the material may be subjected to improper use by the jury.

*Id.* at 515 (citing ABA Standard 15–4.2(b) (2d ed.1980)).

██  Appellant argues that the replay of the videotape unduly emphasized testimony that was unfavorable and prejudicial to appellant. "A prejudicial error has been defined as an error which affected the final result of the case and was prejudicial to a substantial right of the party assigning it." *State v. Schifsky*, 243 Minn. 533, 544, 69 N.W.2d 89, 96 (Minn.1955) (citation omitted). In the videotape, the child appeared to indicate that appellant touched her vagina rather than her thigh. During the trial, however, the child testified that she was touched on the thigh, and McDonald clarified why previously he mistakenly interpreted the child as saying appellant touched her vagina.

Although the trial testimony from the trial was not reread to the jury, any error in replaying the videotape was harmless because none of the convictions required that appellant touch the child's intimate parts. Rather, the state was only required to prove that appellant, with intent, committed an act which was a substantial step toward the commission of second-degree criminal sexual conduct. The analysis set forth below affirms the conclusion that the state provided sufficient evidence of this crime.

## II.

Appellant argues that the state did not present sufficient evidence to prove that he took a substantial step toward the commission of second-degree criminal sexual conduct.

■ When reviewing a challenge to the sufficiency of the evidence, this court reviews the record to determine "whether the evidence, when viewed in a light most favorable to the conviction, was sufficient to permit the jurors to reach the verdict which they did." *State v. Webb*, 440 N.W.2d 426, 430 (Minn.1989).

■ A person is guilty of attempt to commit a crime if he or she, "with intent" to commit that crime, "does an act which is a substantial step toward, and more than preparation for, the commission of the crime." Minn.Stat. § 609.17, subd. 1 (1996). Appellant does not discuss, and, therefore, does not dispute that there was sufficient evidence to prove that he had the "intent" to commit the crime. Therefore, the only issue is whether appellant's act of touching the child on the leg was "a substantial step toward, and more than preparation for the commission" of second-degree criminal sexual conduct.

A person is guilty of second-degree criminal sexual conduct if he or she engages in "sexual contact" with a child under 13 years of age and that person is more than 36 months older than the child. Minn.Stat. § 609.343, subd. 1(a) (1996). "Sexual contact," for the purposes of section 609.343, subdivision 1(a), includes the intentional touching by the actor of the complainant's intimate parts or the touching of the clothing covering the immediate area of the intimate parts. Minn.Stat. § 609.341, subd. 11(a)(i), (iv) (1996). " 'Intimate parts' includes the primary genital area, groin, inner thigh, buttocks, or breast of a human being." Minn.Stat. § 609.341, subd. 5.

■ The child testified that appellant touched her on the upper thigh, while asking her if he could "touch" her. Appellant argues that this evidence, the act of putting his hand on the child's upper thigh, is insufficient to establish the crime of attempted criminal sexual conduct. He also contends that even if the jury determined that this was an attempt to persuade the child to have sexual contact with him, this would be "mere solicitation," and therefore not enough to establish that a substantial step had been taken. We disagree. Asking the child if he could "touch" her was more than "mere solicitation" because the solicitation involved the act of touching the child. Although the act of touching a child on the upper thigh alone is not criminal, an act, to constitute an attempt, need not be a crime in itself. *See State v. Peterson*, 262 N.W.2d 706, 707 (Minn.1978) (holding that attempted rape need not involve battery or act of penetration). When viewed, however, in connection with his multiple statements setting forth his intent to commit a sexual act upon the victim, it is clear that his act was a substantial step toward the commission of the crime.

The evidence was sufficient to support a conviction of attempted second-degree criminal sexual conduct.

## DECISION

The trial court did not abuse its discretion by granting the jury's request to view the videotaped interview with the child, and the evidence was sufficient to support appellant's conviction for attempted second-degree criminal sexual conduct.

**Affirmed.**