STATE of Minnesota, Respondent,

v.

John Ray McCOY, Appellant.

No. C9–01–349.

Court of Appeals of Minnesota.

July 31, 2001.

John J. Muhar, Itasca County Attorney, Todd S. Webb, Assistant Itasca County Attorney, Grand Rapids, for respondent.

James Perunovich, Law Offices of James Perunovich, Hibbing, for appellant.

Considered and decided by SCHMUACHER, Presiding Judge, RANDALL, Judge and G. BARRY ANDERSON, Judge.

## OPINION

R.A. RANDALL, Judge.

Appellant challenges his sentence for second-degree criminal sexual conduct. Appellant argues that his sentence under Minnesota's patterned sex offender statute, Minn.Stat. § 609.108 (1998), violated his due-process rights because it authorizes a sentence beyond the prescribed statutory maximum of 25 years for the charged offense based on findings made by the sentencing court rather than the jury. Appellant also argues that, even if the statute is not unconstitutional, the sentencing court erred in finding that he is a patterned sex offender because the court (a) should not have relied on appellant's prior uncharged offenses and (b) failed to determine whether the professional assessment required by the patterned sex offender statute was performed by an examiner who was experienced in evaluating sex offenders. Finally, appellant asserts that his sentence of 144 months is excessive, unreasonable, and unsupported by the court's findings. We affirm.

## FACTS

Appellant John Ray McCoy was convicted of second-degree criminal sexual as-

sault involving a 12–year–old boy. Following his conviction, the state requested that the court sentence appellant as a patterned sex offender under Minn.Stat. § 609.108 (1998). Appellant's presumptive sentence was 36 months because appellant was convicted of first-degree criminal sexual conduct within 15 years of his current conviction. Along with this previous conviction, the psychological evaluation and the PSI reported that appellant had committed three other sexual assaults against adolescents, but appellant was not convicted of any of these offenses. Both reports also indicated that appellant has not taken responsibility for his past or current conduct and has refused treatment. Dr. John Selden, who performed the psychological evaluation, concluded that appellant was a patterned sex offender with ingrained criminal sexual behavior and that appellant had a high risk of repeating his behavior. Based on this conclusion, Dr. Selden recommended an increased sentence. The PSI recommended that the court sentence appellant to 40 years, the maximum sentenced allowed under Minn.Stat. § 609.108. The court sentenced appellant to 144 months, which is four times the presumptive sentence. Appellant appeals from this sentence.

## ISSUES

I. Did appellant's sentence under the patterned sex offender statute, Minn.Stat. § 609.108 (1998), violate his due process rights?

II. Did the sentencing court err by considering appellant's prior uncharged offenses and failing to determine whether the psychological assessment was performed by a qualified professional when it sentenced appellant as a patterned sex offender?

III. Did the sentencing court err by sentencing appellant to four times the presumptive sentence?

## ANALYSIS

### I. Constitutionality of Minnesota's Patterned Sex Offender Statute

Appellant argues that his sentence under Minnesota's patterned sex offender statute, Minn.Stat. § 609.108 (1998), violated his due process rights because the statute allows for a sentence beyond the statutory maximum for the charged offense based on findings made by the sentencing court rather than the jury. Because appellant believes that Minn.Stat. § 609.108 is unconstitutional, he requests that this matter be remanded for proper sentencing or, in the alternative, that this court amend his sentence to the three-year minimum-presumptive sentence specified under Minn.Stat. § 609.109 (1998).

This court reviews whether a statute is constitutional under a de novo standard of review. *State v. Wolf,* 605 N.W.2d 381, 386 (Minn.2000). A statute is presumed constitutional, and the statute's "challenger bears the very heavy burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional." *State v. Behl,* 564 N.W.2d 560, 566 (Minn. 1997) (quotation omitted).

The maximum sentence prescribed by statute for second-degree criminal sexual conduct is 25 years. Minn.Stat. § 609.343, subd. 2 (1998). Because appellant was previously convicted of first-degree criminal sexual conduct within 15 years of his current conviction, the presumptive sentence was 36 months. *See* Minn.Stat. § 609.109 (1998) (stating presumptive sentence is "not less than three years" for person convicted of first-through fourth-degree criminal sexual conduct within 15 years of previous sex-offense conviction).

But, under the patterned sex offender statute, a person convicted of certain patterned and predatory sex offenses "shall" be sentenced to "not less than double the presumptive sentence under the sentencing guidelines and not more than the statutory maximum" if the court determines that the person (1) was motivated by sexual impulses or the crime "was part of a predatory pattern of behavior that had criminal sexual conduct as its goal," (2) endangers public safety, and (3) "needs long-term treatment or supervision beyond the presumptive term of imprisonment and supervised release." Minn.Stat. § 609.108, subd. 1(a). In addition, the statutory maximum can be enhanced to 40 years

> [i]f the factfinder determines * * * that a predatory offense was motivated by, committed in the course of, or committed in furtherance of sexual contact or penetration * * * and the court is imposing a sentence under [Minn.Stat. § 609.108, subd. 1].

Minn.Stat. § 609.108, subd. 2.

Appellant bases his constitutional argument on a recent United States Supreme Court decision that stated:

> [o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury, and proved beyond a reasonable doubt.

*Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 2362–63, 147 L.Ed.2d 435 (2000) (emphasis added). In *Apprendi,* the defendant pleaded guilty to possession of a firearm, a second-degree offense, punishable by imprisonment for five to ten years. *Id.* at 469–70, 120 S.Ct. at 2352. After the plea trial, the prosecutor moved to enhance the defendant's sentence based on New Jersey's hate-crimes statute, which increased the maximum sentence to 20 years for second-degree offenses. *Id.*

at 469–70, 120 S.Ct. at 2351–52. Based on the hate-crimes statute, the defendant was sentenced to 12 years for the firearm-possession conviction. *Id.* at 471, 120 S.Ct. at 2352. Although the defendant was also convicted of another crime, the court articulated that the narrow constitutional question was "whether the 12–year sentence imposed" for the firearm possession conviction "was permissible, given that it was above the 10–year maximum" allowed by the firearm-possession statute. *Id.* at 474, 120 S.Ct. at 2354. Ultimately, the court held that New Jersey's hate-crimes statute was unconstitutional because it allowed the district court to impose a sentence on the defendant that exceeded the statutory maximum for the charged offense, based on findings which should have been determined beyond a reasonable doubt by a jury. *Id.* at 491–97, 120 S.Ct. at 2363–67. In essence, the court concluded that it was unconstitutional for a defendant to be convicted of a lower severity-level crime but receive a sentence identical to the sentence of a higher severity-level crime without a jury determination that the defendant was culpable for the higher severity-level crime. *Id.*

Appellant argues that he has an "Apprendi issue." We conclude that he does not. This court recently decided an issue nearly identical to the issue in *Apprendi.* In *State v. Grossman,* 622 N.W.2d 394, 396 (Minn.App.2001), *review granted* (Minn. Apr. 19, 2001), the defendant was convicted of three counts of first-degree criminal sexual conduct, among other charges. The maximum sentence prescribed by statute for this offense is 30 years. Minn.Stat. § 609.342, subd. 2 (1998). The sentencing court first determined that the factors outlined in Minn.Stat. § 609.108, subd. 1(a), were present. *Grossman,* 622 N.W.2d at 396. Relying on Minn.Stat. § 609.108, subd. 2, the court then sentenced the de-

fendant to 40 years as a patterned sex offender, which exceeded the statutory maximum for first-degree criminal sexual conduct. *Grossman,* 622 N.W.2d at 396. This court held that Minn.Stat. § 609.108, "as applied [in the defendant's case] to increase [the defendant's] maximum sentence, violates due process under *Apprendi.*" *Id.* at 399.

Appellant asserts that the holdings of *Apprendi* and *Grossman* should apply to his case. In contrast, the state contends that *Apprendi* and *Grossman* are inapplicable because appellant's sentence was not greater than the statutory maximum allowed for second-degree criminal sexual conduct.

 Although we understand appellant's argument, we agree with the state that *Apprendi* and *Grossman* apply only to situations where a court sentences a defendant to a term that *exceeds* the statutory maximum. Here, appellant was sentenced to 144 months, which is *less than half* of the statutory maximum of 25 years.[1] Further, unlike the defendant in *Grossman,* appellant was not sentenced under Minn.Stat. § 609.108, subd. 2, which increases the maximum sentence to 40 years. Appellant's sentence did not exceed the statutory maximum of 25 years for second-degree criminal sexual assault. Thus, the rules set forth in *Apprendi* and *Grossman* are not applicable to this case. Appellant's due process rights were not violated. *See Apprendi,* 530 U.S. at 481, 120 S.Ct. at 2358 (noting that "judges in this country have long exercised discretion * * * in imposing [a] sentence *within statutory limits in the individual case*" (emphasis added)).

---

1. To determine the prescribed statutory maximum discussed in *Apprendi,* most courts post-*Apprendi* have looked to the statutory language of the charged offense rather than the sentencing guidelines. *United States v. Kinter,*

## II. Finding Appellant is a Patterned Sex Offender

Appellant argues that the sentencing court erred in finding that he was a patterned sex offender for two reasons. First, appellant asserts that the court should not have relied on prior uncharged offenses of criminal sexual conduct in deciding whether to sentence appellant under Minn.Stat. § 609.108. Appellant asserts that, because the court ruled the evidence was inadmissible as Spreigl evidence at trial, the sentencing court erred by considering the uncharged offenses when it sentenced him. Second, appellant contends that the court should not have relied on the psychological assessment by Dr. Selden because the court failed to formally find that the examiner was experienced in evaluating sex offenders.

### A. Uncharged Offenses

Appellant correctly notes the district court ruled that his uncharged offenses were inadmissible Spreigl evidence. First, we examine how the offered Spreigl evidence was rejected. Spreigl evidence may not be used to show the appellant acted in conformity with bad character, but a court may admit Spreigl evidence to show identity, a common plan or scheme, and to refute allegations of fabrication, if its probative value substantially outweighs the danger of unfair prejudice. Minn. R. Evid. 404(b), 403; *State v. Profit,* 591 N.W.2d 451, 461 (Minn.1999). Such evidence should be limited to cases where the district court determines that

> (1) there is clear and convincing evidence that defendant participated in the

235 F.3d 192, 199–200 (4th Cir.2000); *see also United States v. Nealy,* 232 F.3d 825, 829 n. 3 (11th Cir.2000); *United States v. Doggett,* 230 F.3d 160, 166 (5th Cir.2000); *Talbott v. Indiana,* 226 F.3d 866, 869 (7th Cir.2000).

*Spreigl* offense; (2) the evidence is relevant and material to the state's case, and (3) the probative value of the evidence is not outweighed by its potential for unfair prejudice.

*State v. Robinson,* 604 N.W.2d 355, 363 (Minn.2000) (citation omitted). The supreme court has made clear:

> Both at the time the evidence is received and in the final charge, the court should admonish the jury that the testimony is received for the limited purpose of establishing identity. It is the court's duty to advise the jury in unequivocal language that defendant is not being tried and may not be convicted for any offense except that charged, warning them that to convict for other offenses may result in unjust double punishment.

*Billstrom,* 276 Minn. 174, 179, 149 N.W.2d 281, 285 (1967).

■ First, it was appropriate here for the district court to rule the state's offered Spreigl evidence inadmissible. That ruling protected the trial from the jury impermissibly using the Spreigl evidence as evidence of appellant's bad character. The exclusion of the Spreigl evidence helped guarantee that the fact-finder would come to its verdict under the Minnesota and federal constitutional guarantees of due process and a fair trial. But once a defendant has been found guilty, the factors to be considered by the sentencing court (which are not considered by a jury, as Minnesota has long been one of the several states where judges, not juries, determine the appropriate sentence) are significantly broader. As conceded by appellant's counsel, a presentence investigation (PSI) can include facts and details that neither the prosecution nor the defense would even consider attempting to enter as evidence at trial. Such facts may include hearsay, second-hand information, opinion, etc., always, of course, subject to the sentencing judge's evaluation of weight and credibility. We note that a PSI should include details about "the defendant's individual characteristics, circumstances, needs, potentialities, criminal record and social history." Minn.Stat. § 609.115, subd. 1 (2000). When determining whether to sentence a defendant as a patterned sex offender, the sentencing court must determine "if it reasonably appears * * * that the crime was motivated by the offender's sexual impulses or was part of a predatory *pattern of behavior.*" Minn.Stat. § 609.108, subd. 1(a)(1) (emphasis added). This statute does not limit a sentencing court to consideration of only offenses for which a defendant was previously convicted.

■ In addition to appellant's first-degree criminal sexual assault conviction in 1987, at some point during the trial for this previous conviction, appellant admitted assaulting another adolescent, although he was never charged with this assault. *See State v. McCoy,* 400 N.W.2d 807, 809 (Minn.App.1987) (indicating appellant admitted sexually assaulting his wife's adolescent sister), *review denied* (Minn. Mar. 25, 1987). Appellant was also charged with a sexual assault of an adolescent babysitter, but the case was dismissed because the arrest warrant had not been served upon appellant for a period of 11 months after its issuance. Given a sentencing court's latitude to consider factors not admitted at trial, we conclude that the sentencing court did not commit error by considering appellant's uncharged offenses as part of its decision to sentence appellant as a patterned sex offender. *Cf. State v. Gorman,* 546 N.W.2d 5, 9 (Minn.1996) (concluding that, under career-offender statute, pattern of criminal conduct can be demonstrated by uncharged offenses where acts were similar to charged offense "in motive, purpose, results, participants, victims, or other characteristics").

## B. Experience of Examiner[2]

As part of the sentencing court's factorial analysis under the patterned sex offender statute, the court was required to find that appellant needed long-term treatment or supervision beyond the presumptive sentence and supervised release. Minn. Stat. § 609.108, subd. 1(a)(3). This finding "must be based on a professional assessment by an examiner experienced in evaluating sex offenders." *Id.*

 Appellant correctly notes that the burden of proof is on the state to offer evidence sufficient to demonstrate that appellant should be sentenced as a patterned sex offender. *See State v. Christie*, 506 N.W.2d 293, 299 (Minn.1993) (stating facts found at sentencing stage must be established by preponderance of evidence). We reject the state's assertion that appellant missed his opportunity to challenge Selden's qualifications because he did not subpoena Selden for the sentencing hearing, put him on the stand, and cross-examine him. This attempt by the state to place the burden on appellant to show that Selden is unqualified is an impermissible shifting of the burden of proof.

 Despite the state's improper attempt to shift the burden of proof onto appellant, we find sufficient record evidence to establish Selden's qualifications to offer his opinion. Dr. Selden is a member of the Iron Range Mental Health Center (IRMHC), which has serviced northern Minnesota, hospitals, clinics, lawyers, and courts with consultants and professionals on mental health issues for decades. Selden's report indicates that he employed a variety of psychological tests on appellant before he reached his conclusion that appellant is a patterned sex offender with a

high risk of re-offending. The sentencing court referred to Dr. Selden as a "professional." The record shows that the court accepted Selden as an expert and qualified to administer the assessment, even though the record lacks a formal statement by the sentencing court that "Dr. Selden is an expert." Based on Selden's report and the entire record, we conclude that the court did not err by relying on Dr. Selden's report when sentencing appellant as a patterned sex offender.

## III. Sentencing Departure

 Sentencing under the patterned sex offender statute constitutes a departure from the sentencing guidelines. Minn.Stat. § 609.108, subd. 5. A sentencing court "has broad discretion to depart *only if* aggravating or mitigating circumstances are present." *State v. Best*, 449 N.W.2d 426, 427 (Minn.1989). If such circumstances are present, we review a sentencing court's decision to depart for an abuse of discretion. *Rairdon v. State*, 557 N.W.2d 318, 326 (Minn.1996).

 Appellant argues that his sentence of 144 months is excessive, unreasonable, and unsupported by the sentencing court's findings. In making this argument, appellant relies on caselaw for durational departures, which states that generally, when an upward departure is justified, the upper limit is double the presumptive. *State v. Williams*, 608 N.W.2d 837, 840 (Minn.2000). First, we note that when severe aggravating factors are present, the court may depart all the way up to the statutory maximum. *Id.* Second, and more importantly, *severe* aggravating factors need not be present to justify a greater than double

---

2. The state points out in its brief that it moved to supplement the record on appeal with Dr. Selden's curriculum vitae. This court denied the state's motion because it had not been presented to the district court.

departure under the patterned sex offender statute. The plain language of the patterned sex offender statute does not require those factors. *State v. Halvorson,* 506 N.W.2d 331, 339 (Minn.App. 1993).

Here, the sentencing court sentenced appellant to four times the presumptive sentence. In addition to its findings under the patterned sex offender statute, the court found that appellant's position of trust in relation to the victim constituted a separate aggravating factor justifying departure. The court imposed the 144–month sentence because it believed that such a sentence would balance "out the need for substantial incarceration and for long-term treatment." Although we understand appellant's argument that the court's departure was quadruple the presumptive sentence, the end result was a sentence of 12 years, which is still well below the 25–year maximum sentence allowed by statute.

 Based on appellant's conduct in prior uncharged offenses, his prior conviction for first-degree criminal sexual conduct, his unwillingness to seek treatment, the PSI report, and Dr. Selden's report, we conclude that the court did not abuse its discretion by sentencing appellant to four times the presumptive sentence. *See State v. Stirens,* 506 N.W.2d 302, 305–06 (Minn.1993) (agreeing that sentence departure for second-degree criminal sexual con-

duct under patterned sex offender statute was justified where defendant was not amenable to probation and lacked remorse, but reducing sentence from over eight times presumptive sentence to over five times presumptive sentence).

## DECISION

Appellant's sentence under the patterned sex offender statute did not violate his due-process rights. His prison term does not exceed the statutory maximum allowed for second-degree criminal sexual conduct.

When sentencing appellant as a patterned sex offender, the court did not err when it considered appellant's prior uncharged offenses. The mental health professional had the requisite qualifications to give the sentencing court a professional assessment.

Finally, severe aggravating factors are not required to justify a greater than double departure from the presumptive sentence when the sentencing court is using the patterned sex offender statute.

**Affirmed.**