**James Joseph MEEMKEN,
petitioner, Appellant,**

**v.**

**STATE of Minnesota, Respondent.**

**No. C2–02–1689.**

Court of Appeals of Minnesota.

June 3, 2003.

James Joseph Meemken, Stillwater Correctional Facility, Bayport, MN, pro se appellant.

Mike Hatch, Attorney General, Kelly O'Neill Moller, Assistant Attorney General, St. Paul, MN, and Roger S. Van Heel, Stearns County Attorney, St. Cloud, MN, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge, LANSING, Judge, and MINGE, Judge.

## OPINION

MINGE, Judge.

Appellant challenges the denial of post-conviction relief from an upward departure in his sentence on the ground that the facts supporting the upward departure were not submitted to the jury, thus violating his right to due process, as established by *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Because appellant is collaterally attacking his conviction, and because the Apprendi rule is not applied retroactively to collateral review, we affirm.

## FACTS

Appellant James Joseph Meemken was charged with one count of attempted criminal sexual conduct in the second degree and one count of solicitation of a child to engage in sexual conduct. In April 1998, a jury convicted appellant on both counts. On May 29, 1998, the district court sentenced appellant as a patterned sex offender under Minn.Stat. § 609.1352, subd. 1a (1996), and ordered him to serve a 240–month prison sentence for the attempt conviction. The sentence was an upward

departure. At the time appellant was sentenced, the statutory maximum sentence for attempted second-degree criminal sexual conduct was 12 and a half years, or 150 months. *See* Minn.Stat. §§ 609.17, subd. 4(2), .343, subd. 1 (1996). As a basis for the upward departure, the district court listed aggravating circumstances, concluded that appellant was a patterned sex offender, and imposed a sentence that was authorized under the patterned sex-offender statute. *See* Minn.Stat. § 609.1352, subd. 1a (increasing statutory maximum to 40 years for predatory offense when sentenced under the patterned sex offender statute).

On direct appeal, appellant challenged (1) the district court's decision to allow the jury to review during deliberations a videotaped interview of the victim; and (2) the sufficiency of the evidence. This court affirmed appellant's convictions in *State v. Meemken,* 597 N.W.2d 582 (Minn.App. 1999), *review denied* (Minn. Sept. 28, 1999).

In April 2002, appellant filed a petition for postconviction relief arguing that facts which were a basis for his increased sentence were neither submitted to the jury nor proved beyond a reasonable doubt. Appellant relied on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in which the court held that with the exception of facts of a prior conviction, the jury must hear facts that increase the criminal penalty; and those facts must be proven beyond a reasonable doubt. The postconviction court denied relief because it found that the Apprendi rule does not apply retroactively to a collateral appeal.

## ISSUE

Did the postconviction court properly deny appellant's collateral attack of his sentence seeking retroactive application of the Apprendi rule?

## ANALYSIS

"A petition for postconviction relief is a collateral attack on a conviction that carries a presumption of regularity." *Hummel v. State,* 617 N.W.2d 561, 563 (Minn.2000) (citing *State ex rel. Gray v. Tahash,* 279 Minn. 248, 250, 156 N.W.2d 228, 229 (1968)). The postconviction petitioner "has the burden of establishing, by a fair preponderance of the evidence, facts which would warrant a reopening of the case." *State v. Warren,* 592 N.W.2d 440, 449 (Minn.1999) (quotation omitted). On review, an appellate court will not disturb the decisions of the postconviction court unless the postconviction court abused its discretion. *Dukes v. State,* 621 N.W.2d 246, 251 (Minn.2001). But a reviewing court is not bound by and need not give deference to a district court's decision on a purely legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

As we have already noted, appellant argues that his sentence was improper because any facts that increased his penalty beyond the normal statutory maximum should have been submitted to the jury and proved beyond a reasonable doubt. For this proposition, appellant relies on *Apprendi,* which was decided after appellant's direct appeal. In *Apprendi,* the Court announced the following rule:

> Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.

*Id.* at 490, 120 S.Ct. at 2362–63. Following *Apprendi,* the Minnesota Supreme Court held that the patterned sex-offender statute violates due process because it increases the statutory maximum sentence for

offenders sentenced under it based on findings by the sentencing court rather than the jury. *State v. Grossman,* 636 N.W.2d 545, 549 (Minn.2001).

But *Apprendi* and *Grossman* were decided after appellant's direct appeal, and they are only applicable if the rule announced in *Apprendi* applies retroactively on collateral review. *Cf. Grossman,* 636 N.W.2d 545, 549 (Minn.2001) (finding that although appellant was sentenced prior to *Apprendi,* the rule from *Apprendi* applied to appellant's direct appeal because new rules for the conduct of criminal prosecutions must be applied retroactively to all criminal cases pending on direct review (citing *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987))).

■■■ *Apprendi* announced a new constitutional rule because its result "was not *dictated* by precedent existing at the time the defendant's conviction became final." *Teague v. Lane,* 489 U.S. 288, 301, 109 S.Ct. 1060, 1070, 103 L.Ed.2d 334 (1989) (citation omitted). A new constitutional rule of criminal procedure is not applied retroactively to cases on collateral review unless the rule (1) "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe," or (2) "requires the observance of those procedures that * * * are implicit in the concept of ordered liberty," meaning a watershed rule of criminal procedure that alters "our understanding of the *bedrock procedural elements* that must be found to vitiate the fairness of a particular conviction." *Teague,* 489 U.S. at 307, 311, 109 S.Ct. at 1073, 1076 (alteration in original) (quotations omitted); *see also Tsipouras v. State,* 567 N.W.2d 271,

274–75 (Minn.App.1997) (discussing *Teague* ). The scope of the Teague exceptions must be consistently applied with the recognition that

[a]pplication of constitutional rules not in existence at the time a conviction became final seriously undermines the principle of finality which is essential to the operation of our criminal justice system.

*Teague,* 489 U.S. at 309, 109 S.Ct. at 1074.

■■ In this case, we examine whether the Apprendi rule fits within the second Teague exception. The second Teague exception is reserved for truly watershed rules. *Sawyer v. Smith,* 497 U.S. 227, 243, 110 S.Ct. 2822, 2832, 111 L.Ed.2d 193 (1990) (recognizing that "it is 'unlikely that many such components of basic due process have yet to emerge' " (quoting *Teague,* 489 U.S. at 313, 109 S.Ct. at 1077)).[1] The Supreme Court has underscored the narrowness of the second Teague exception by refusing to retroactively apply eleven new rules, or proposed new rules, of criminal procedure. *See United States v. Mandanici,* 205 F.3d 519, 529 (2nd Cir. 2000) (discussing the Supreme Court's refusal to retroactively apply "at least eleven new rules, or proposed rules of criminal procedure" and citing cases).

To fall within the second Teague exception and be retroactively applied, the Apprendi rule must improve the accuracy of a trial and also alter the "understanding of the *bedrock procedural elements* essential to the fairness of a trial." *Teague,* 489 U.S. at 311, 109 S.Ct. at 1076 (alteration in original) (quotation omitted). The Eighth Circuit has held, consistent with several other federal and state courts, that "*Apprendi* is not of watershed magnitude and

---

1. An example of a watershed rule of criminal procedure is the rule announced in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), that an indigent defendant in a criminal prosecution in state court has the right to have appointed counsel to ensure a fair trial. *Teague,* 489 U.S. at 312, 109 S.Ct. at 1076.

that *Teague* bars petitioners from raising *Apprendi* claims on collateral review." *United States. v. Moss,* 252 F.3d 993, 997 (8th Cir.2001); *see also Sanders v. State,* 815 So.2d 590, 592 (Ala.Crim.App.2001); *State v. Sepulveda,* 201 Ariz. 158, 32 P.3d 1085, 1087–88 (Ct.App.2001), *review denied* (Ariz. Sept. 24, 2002); *Whisler v. State,* 272 Kan. 864, 36 P.3d 290, 300 (2001); *cf. United States v. Cotton,* 535 U.S. 625, 122 S.Ct. 1781, 1786, 152 L.Ed.2d 860 (2002) (finding, where defendant did not raise sentencing issue at trial court level, plain error analysis did not require reversal).

We recognize that the Apprendi rule improves the accuracy of a sentence. However, the rule does not increase the reliability of the determination of guilt; it only limits the sentencing exposure of those who have already been validly convicted. *Moss,* 252 F.3d at 999. As commentators have observed, the Apprendi rule "does not protect the blameless from punishment, but instead protects the unquestionably blameworthy from unauthorized amounts of punishments." Nancy J. King & Susan R. Klein, *Developments Apres Apprendi,* 12 Fed. Sentencing Rep. 331, 333 (2000). Because the Apprendi rule does not improve the accuracy of a trial, we conclude that it is not a watershed rule subject to retroactive application on collateral review.

### DECISION

Appellant seeks retroactive application of a rule of criminal procedure on collateral review of his conviction. Because the rule appellant relies on is not a watershed rule, we do not retroactively apply it to appellant's collateral challenge to his sentence.

**Affirmed.**